UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-610-F

| | |
|---|---|
| CITY GRILL HOSPITALITY GROUP, INC., <br> Plaintiff, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br> Defendant. | ORDER |

This matter is before the court on Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Exclude Untimely and Improper Rebuttal Evidence [DE-20] and Plaintiff City Grill Hospitality Group's ("City Grill") Motion to Allow Supplemental and/or Rebuttal Expert Testimony and to Allow the Filing of Supplemental/Rebuttal Expert Reports [DE-23]. The motions have been fully briefed and are ripe for ruling. For the reasons that follow, Nationwide's motion to exclude is DENIED and City Grill's motion to allow the rebuttal expert testimony and report is ALLOWED.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

City Grill owns a Miami Subs restaurant in Fayetteville, North Carolina, which was partially destroyed in a fire on January 24, 2012. After an investigation, Nationwide denied coverage on the policy for two reasons: (1) it determined the fire was intentionally set; and (2) one of City Grill's individual owners, Dimitrios Diamantopoulos, allegedly made material misrepresentations during the investigation. City Grill thereafter initiated this suit, alleging

claims for, *inter alia*, breach contract, breach of the covenant of good faith and fair dealing, breach of North Carolina's unfair and deceptive trade practices act, conversion, and declaratory judgment.

As part of Nationwide's investigation, it hired Hunter B. Lacy as its primary fire origin and cause investigator. Mr. Lacy determined that an electrical engineer should investigate possible electrical causes of the fire and Nationwide hired Henry B. Martini for that purpose. Mr. Lacy, with Mr. Martini's assistance, found that the fire was incendiary in nature (intentionally set). Nationwide also identified Mr. Lacy and Mr. Martini as their fire origin and cause experts in the instant litigation.

The scheduling order in this case provided that City Grill's expert reports should be served on or before June 3, 2013 and Defendant's expert reports should be served on or before July 1, 2013. Scheduling Order [DE-13] at 2. City Grill initially identified two experts, Mr. Stephen Booth as its cause and origin expert and Mr. Stone as its engineering expert, and timely served their reports on June 3, 2013. Nationwide timely served Mr. Lacy and Mr. Martini's reports on July 1, 2013.

City Grill's experts raised the possibility that the fire was caused by a wireless communication device located near the origin of the fire. While Mr. Lacy and Mr. Martini's pre-litigation reports submitted to Nationwide did not address the wireless communication device, their litigation reports submitted on July 1, 2013 ruled it out as a possible cause of the fire.

The scheduling order in this case does not address rebuttal reports. However, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that a rebuttal report must be submitted within thirty days of the disclosure of the report that it rebuts. Fed. R. Civ. P. 26(a)(2)(D)(ii) ("[I]f the

2

evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [the evidence must be disclosed] within 30 days after the other party's disclosure."). On July 31, 2013, within thirty days of Nationwide's disclosure of Mr. Lacy and Mr. Martini's reports, City Grill notified Nationwide that it intended to offer a rebuttal report from Mr. Jim Small. According to City Grill, it intended to offer Mr. Small's report to rebut Mr. Lacy and Mr. Martini's conclusion that the wireless communication device could not have caused the fire. However, City Grill advised that the report was not currently complete and asked Nationwide to consent to a two-week extension of the thirty-day period provided for in Rule 26. Nationwide refused, and once it received Mr. Small's report, promptly filed the instant motion to exclude.

## ANALYSIS

Nationwide seeks to exclude Mr. Small's report on essentially two grounds: (1) the report does not satisfy the Fourth Circuit's definition of rebuttal evidence and is therefore improper supplementation that should be excluded; and (2) the report should be excluded because it was disclosed outside the thirty-day limitation provided for in Rule 26(a)(2)(D)(ii). The threshold issue is whether the Small report is rebuttal evidence, and, accordingly, the court addresses that issue first.

"Rebuttal evidence is defined as 'evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party.'" *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001) (quoting Black's Law Dictionary 1267 (6th ed. 1990)). The Fourth Circuit has explained that rebuttal evidence may only be offered in limited circumstances:

> Ordinarily, rebuttal evidence may be introduced only to counter new facts presented
> in the defendant's case in chief. Such new facts might include "surprise" evidence

3

presented by the defendants. Permissible rebuttal evidence also includes evidence unavailable earlier through no fault of the plaintiff.

*Allen v. Prince George's Cnty., Md.*, 737 F.2d 1299, 1305 (4th Cir. 1984) (citing 6 Wigmore, *Evidence* § 1873 (Chadbourne Rev. Ed. 1976)).

Nationwide argues that Mr. Small's report is not permissible rebuttal evidence because it does not rebut any new evidence presented by Nationwide's experts. The court does not agree. After Mr. Booth and Mr. Stone opined that the wireless device could have caused the fire in this case, Mr. Martini and Mr. Lacy submitted reports explaining why, in their estimation, the wireless communication device could not have caused the fire. Prior to submission of Mr. Martini and Mr. Lacy's reports, City Grill was not aware that Mr. Martini and Mr. Lacy had sufficiently ruled out the wireless communication device as a potential source of the fire because their initial reports submitted to Nationwide did not address the device. Pl.'s Resp. to Def.'s Mot. to Exclude Untimely and Improper Rebuttal Evidence [DE-41] at 1-2. As City Grill points out, Mr. Martini's and Mr. Lacy's findings as to why the wireless communication device could not have caused the fire constitute new facts to which Mr. Small's report responds.

Mr. Small's nine-page report explains how low voltage devices, such as the wireless communication device at issue in this case, could serve as an ignition source. The report also contains Mr. Small's evaluation of four photos of the device, and his findings explain how the device potentially could have started the fire. Unfortunately, the device has been misplaced or destroyed and Mr. Small could not have evaluated the device itself. As a result, the report contains only his tentative findings regarding why, in theory, the device could have been an ignition source.

4

The court finds that this is rebuttal evidence. It responds to new facts raised for the first time in Mr. Martini and Mr. Lacy's reports, and it tends to contradict those facts. *See Allen*, 737 F.2d at 1305. Mr. Martini and Mr. Lacy's reports detail, for the first time, why they believe the device could not have caused the fire in this case, and Mr. Small's report contradicts their findings.

The court also finds it irrelevant that Mr. Booth, one of City Grill's initial experts, opined that the wireless communication device could have caused the fire. Nationwide asserts that Mr. Small offers no new evidence because his opinion is essentially the same as Mr. Booth's opinion. Nationwide's argument ignores the fact that Mr. Martini and Mr. Lacy's reports contained new findings regarding the wireless device. By submitting reports with new evidence, Nationwide opened the door to rebuttal evidence. That Mr. Small's report tends to corroborate Mr. Booth's opinion regarding the device does not automatically render the report supplementary, as opposed to rebuttal.

Having determined that the report constitutes proper rebuttal evidence, the court turns to the issue of timeliness. As discussed, Rule 26(a)(2)(D)(ii) provides that a party must disclose rebuttal evidence "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). It is undisputed that the report in this case was not disclosed within thirty days of Nationwide's disclosure of its expert reports. Therefore, the issue is whether City Grill has shown good cause to warrant an extension of the Rule 26 deadline, and, if not, whether the court should exclude the report as a remedy.

5

In these circumstances, because City Grill is requesting an extension of a deadline imposed by the federal rules,[1] Rule 6(b)'s excusable neglect standard applies. Rule 6(b) allows the court to extend a deadline imposed by the rules for good cause and "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "Excusable neglect is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). However, as the Supreme Court has recognized, excusable neglect is an "elastic concept," that requires consideration of equitable factors. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The determination should take into account "all relevant circumstances surrounding a party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Gaskins v. BFI Waste Servs., LLC*, 281 Fed. App'x 255, 260 (4th Cir. 2008) (holding that district court should apply the *Pioneer* factors in the context of Rule 6(b) motion).

Nationwide's primary argument with respect to prejudice is that the trial was scheduled to begin on December 2, 2013 and the parties were busy preparing for trial and briefing dispositive motions when the motion to extend the discovery deadline became ripe on September 30, 2013. According to Nationwide, deposing and possibly noticing a new expert to respond to Mr. Small

---

[1] Some courts have held that where, as here, a scheduling order is silent with respect to expert rebuttal reports, a party who submits a rebuttal report violates the scheduling order regardless of the fact that Rule 26(a) expressly authorizes them. *See, e.g., Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). The court joins the majority of courts who have rejected the theory that silence in the scheduling order renders the federal rule allowing rebuttal evidence meaningless. *See S.E.C. v. Badian*, No. 06 Civ. 2621(LTS)(DFE), 2009 WL 5178537, at *4-7 (S.D.N.Y. Dec. 23, 2009) (collecting cases).

6

could delay the trial and require a delay in the dispositive motion briefing schedule. However, the court has already alleviated this concern. By its November 14, 2013 Order [DE-55], the court removed this case from the December 2, 2013 term because the dispositive motions submitted on October 29, 2013 contained thousands of pages of exhibits and lengthy briefing. The December 2, 2013 trial date was not feasible given the voluminous record in this case.[2] In the same order, the parties were advised that the court had decided to allow the rebuttal report and the court reopened discovery so Nationwide would have an opportunity to depose Mr. Small and possibly notice a new expert. The court also provided a list of possible terms of court in which to hold the trial, and allowed counsel time to confer and choose a mutually convenient trial date. Because the court has already delayed the trial and offered the parties an opportunity to choose the new trial date, Nationwide's trial preparation and briefing efforts will not be prejudiced by allowing the rebuttal evidence. In addition, the court has afforded Nationwide an opportunity depose Mr. Small and notice another expert if necessary, which also weighs against a finding that Nationwide has been prejudiced by Mr. Small's report.

Turning to the "length of the delay and its impact on judicial proceedings," the court finds that the delay has been caused primarily by Nationwide. City Grill notified Nationwide that it intended to call a rebuttal expert on July 31, 2013, well before discovery ultimately closed on September 11, 2013. As was Nationwide's right, it refused to consent to a two-week extension of the deadline for submitting rebuttal reports, which necessitated this protracted briefing and

---

[2] The court also notes that the original scheduling order noted a deadline of August 15, 2013 for dispositive motions and a December 2, 2013 trial date. The court has allowed various requests for extensions of time to complete discovery and the briefing on dispositive motions. However, the trial date was not extended in those orders, which caused the abbreviated time period within which to consider the cross motions for summary judgment.

7

ultimate resolution by the court. Measuring the delay solely from the perspective of the date the report was submitted, however, the court finds the two-week delay occasioned by City Grill was relatively minimal, especially in light of the fact that the report was disclosed several weeks before discovery closed. At any rate, the parties' voluminous submissions to the court associated with the cross-motions for summary judgment have delayed the trial, not City Grill's rebuttal report.

Turning to the reason for the delay, this factor actually weighs in favor of denying City Grill's requested extension. City Grill's stated reason for the delay is that it had difficulty finding a new expert to complete a rebuttal report within thirty days of City Grill's receipt of Mr. Lacy and Mr. Martini's reports. While the court acknowledges that thirty days is a relatively short time frame in which to find a new expert and have him complete a report, that difficulty is faced by every litigant who chooses to submit rebuttal reports. Accordingly, this factor weighs in favor of Nationwide's position that good cause for the extension is not present.

Finally, the court turns to the issue of bad faith. The record does not suggest that City Grill's request for an extension of time is made in bad faith. City Grill notified Nationwide that it intended to offer the report within the thirty-day deadline and requested City Grill's consent for an extension of the deadline. After Nationwide refused to consent, City Grill promptly moved for an extension of the Rule 26 deadline. Nationwide does not suggest that City Grill's motion is made in bad faith, and the court can discern no bad faith on this record.

Thus, three of the four *Pioneer* factors weigh in favor of allowing City Grill's request for an extension of time and the court accordingly finds that good cause exists to allow City Grill's motion.

## CONCLUSION

For the foregoing reasons, City Grill's Motion to Allow Supplemental and/or Rebuttal Expert Testimony and to Allow the Filing of Supplemental/Rebuttal Expert Reports [DE-23] is ALLOWED. Nationwide's Motion to Exclude Untimely and Improper Rebuttal Evidence [DE-20] is DENIED. It is hereby ORDERED, however, that discovery is re-opened for the limited purpose of allowing Nationwide to depose Mr. Small and call its own rebuttal witness, if necessary. As the parties have been informed, the court requests a joint response addressing the following issues on or before **November 21, 2013**:

1. Whether the parties wish to supplement the summary judgment briefs with additional argument based on the rebuttal expert[s] report/deposition testimony.

2. The estimated trial length for this case.

3. The parties' preferred term of court for setting the trial.

SO ORDERED.

This the 19th day of November, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge